## *In re* GAY.

### *In re* COLUMBIAN INS. Co., (two cases.)

*(Supreme Court, General Term, First Department. January 28, 1889.)*

CORPORATIONS—DISSOLUTION—TRUSTEES—NOTICE TO ATTORNEY GENERAL.

Laws N. Y. 1883, c. 378, § 8, which provides that copies of all motions and papers in every action or proceeding for the dissolution of a corporation, or the distribution of its assets, shall be served on the attorney general, etc., was intended to apply to the appointment of receivers, and the distribution of assets of a corporation after a receiver had been appointed by the court, and it was not intended to apply to the appointment of a trustee of a corporation, when the execution of the trust is independent of the court, except such supervisory power as the court has over all trusts; and as the order appointing the trustee was not made in a proceeding for the dissolution or distribution of the assets of the corporation, it was not necessary to notify the attorney general.

Appeal from special term, New York county.

Petition by Priscilla Gibson Gay for the appointment of a trustee of the Columbian Insurance Company. There were appeals from an order appointing a trustee, and from an order confirming the appointment of John N. A. Griswold as such trustee, and from an order vacating the appointment of John D. Paulison as trustee.

Argued before VAN BRUNT, P. J., and DANIELS and BARTLETT, JJ.

*John McDonald*, for appellant. *G. G. Frelinghuysen*, for respondent.

VAN BRUNT, P. J. The Columbian Insurance Company was inaugurated in 1801 by an act of the legislature of the state of New York, and became, under its charter, a large insurer of marine losses. In 1813, having become embarrassed, it made an assignment to Messrs. Grant, Coster & Astor. Subsequent to this assignment an act was passed on the 15th of April, 1814, providing for the assignment to trustees, under the sanction of the court of chancery, by insurance companies in case of their insolvency. Under this law of 1814, an assignment was ordered by the court of chancery on July 14, 1814, to be made to Messrs. Coster, Larue & Sands of all the estate and property of the said company. On the 15th of July, in compliance with said order, an assignment in writing was made to said Coster, Larue & Sands by said company. Subsequently, on the 22d of June, 1816, an order was entered in the court of chancery that Messrs. Grant, Coster & Astor assign to Messrs. Larue, Sands & Coster all the property and assets of said company assigned May 22, 1813, to said Grant, Coster & Astor. In 1826 a petition duly verified by a majority of the directors was presented to the court of chancery representing that Mr. Larue had removed to France to reside; that Mr. Sands had died, and that Mr. Coster was infirm, and praying that Mr. George Griswold might be appointed trustee. On the 18th of March, 1826, Mr. George Griswold was appointed trustee of said company in place of Sands, deceased. In 1844 Mr. Griswold became the sole surviving trustee, Mr. Coster having died. In 1859 George Griswold died, leaving a will of which George Griswold and John N. A. Griswold were executors, and they qualified as such executors. In April, 1884, George Griswold, one of the executors, died, and John N. A. Griswold thereby became the sole surviving executor of George Griswold, who was appointed, in 1826, by Chancellor KENT as trustee of said company. In September, 1885, John N. A. Griswold presented a petition to the supreme court, praying for his appointment as trustee, and on the 25th of that month an order was made appointing John N. A. Griswold trustee of the Columbian Insurance Company in the place and stead of those named in the order of July 23, 1814, of the court of chancery. On the 13th of January, 1887, Priscilla Gibson Gay swore to a petition for the appointment of a trustee of the company. On the 14th of January, 1887, the petition was heard by the court, the attorney general being present, and four days later an order appointing John P. Paulison was made by the court. No notice of this application was given to Mr. Griswold. A motion was thereupon made by Mr. Griswold to vacate the order appointing Paulison, which was denied, because the attorney general had not been notified with leave to renew. This motion was renewed, and a motion to confirm Mr. Griswold's appointment was also made, the papers being served upon the attorney general. Mr. Paulison thereupon moved to vacate the order appointing Mr. Griswold trustee. The motions were heard together, and an order was made confirming the order of September 23d, appointing Mr. Griswold, and an order was made denying the motion of Paulison for the removal of Griswold, and also an order vacating the appointment of Paulison as trustee. And from these three orders these appeals are taken.

The ground upon which the appellants seek to maintain the appeal is because, in the appointment of Griswold, the attorney general had no notice, and the order making such appointment was therefore void. Reliance is had

upon chapter 378 of the Laws of 1883, section 8 of which provides that "a copy of all motions and all motion papers, and a copy of any other application to the court, together with a copy of the order or judgment proposed thereon to the court, in every action or proceeding now pending for the dissolution of a corporation or the distribution of its assets, or which shall hereafter be commenced for such purpose, shall in all cases be served upon the attorney general, * * * and any order or judgment in any action or proceeding without service of such papers upon the attorney general shall be void."

It is clear that if this act of 1883 applied to the appointment of Griswold, such appointment was absolutely void. But a very brief consideration of the conditions under which the trust arose for the execution of which Mr. Griswold was appointed will seem to demonstrate the fact that the act of 1883 has no application whatever. The act of 1814 was an act authorizing insolvent insurance companies to make an assignment for the benefit of creditors, and absolving them upon the making of such assignment from any further liability for the debts then existing. The chancellor was authorized to select the trustees, and the statute regulated the active part of the assignment. The duty of the chancellor then ceased as far as the execution of the trust was concerned, except such general jurisdiction as the court of chancery exercised over all trusts and trustees. There is one exception, however, to this statement, and that is that the chancellor was authorized to direct the times in which the trust moneys in the hands of the assignee should be divided among those entitled to the same. This is the sole supervision or control which he has over the assignees by virtue of the act in the execution of their trust. There is no provision in this act for the appointment of a new assignee in the place of a deceased assignee. It is provided that, upon the petition of a majority of the directors of the company, or of the creditors, he might remove the assignees, or any of them, and appoint others in their place, but no provision whatever gave the court of chancery any special authority over the assignees in the execution of their trust. The assignees are independent of the court as much as any trustees can be who are created by the voluntary act of an assignor. It is therefore the case of a trust created under the sanction of the court, to be executed precisely the same as any other trust. It has nothing to do with the dissolution of the corporation, because the corporation has not dissolved, and may go into business thereafter, and has not even forfeited its franchise. It is true that the purpose of the assignment is the distribution of the property of the corporation among its creditors, which is supposed to be the purpose of every assignment, whether made by a corporation or an individual; but there was no proceeding whatever in the court of chancery or elsewhere for the distribution of the assets of this company. Whatever proceeding came into existence in the court of chancery was an independent one, and not a continuous one. When the assignment was made upon the application of the corporation, that proceeding, so far as the court of chancery was concerned, was ended. The exercise of subsequent powers in regard to the distribution of the money as contemplated by the act was to be initiated by a new proceeding. The removal of the assignee is also to be a new proceeding, and if any new trustee is appointed in place of one removed or resigned it is in pursuance of the power of the court to appoint trustees in place of trustees removed or who have resigned. There was therefore no proceeding pending at the time of the appointment of Mr. Griswold for the dissolution of this corporation or the distribution of its assets.

The application to the supreme court, as the successor of the court of chancery, was the ordinary application to appoint a trustee of an express trust where there was no trustee to execute the trust, Mr. Griswold having, as executor, declined to execute the trusts, to have his title as executor enforced by an appointment of the court. Whether that trustee had the power to dispose of and distribute any of the assets of the insolvent corporation had noth-

ing to do with this proceeding. That power came from the deed of assignment whereby the trust was created; and the proceeding by which this trustee was appointed cannot in any sense be declared to be a proceeding for the distribution of the assets of this corporation. It is apparent from the language of the act of 1883 that it was intended to apply to the appointment of receivers, and the distribution of the assets of a corporation after a receiver had been appointed under the supervision of the court, and that it was not intended to apply to cases such as the one at bar where the execution of the trust was entirely independent of the court, except such supervisory power as the court has over the execution of all trusts. The order appointing Mr. Griswold, therefore, not being in an action or proceeding for the distribution of the assets of the corporation, as no such proceeding was pending, it was not necessary to notify the attorney general, and the order was entirely regular. It necessarily follows that the subsequent appointment of Mr. Paulison as trustee was void, as Mr. Griswold had already been appointed by a court of competent jurisdiction. The orders appealed from should therefore be affirmed, with $10 costs, and disbursements in each case. All concur.